# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ROEL OVALLE-ARGUELLO, GERARDO ROMA CHAVEZ, ALONSO ZAMORA-CARMONA, and BRIGIDO LOPEZ-ALVARADO | § § § § § | |
| V. | § § § | CASE NO. 4:15-CV-606 Judge Mazzant |
| THREE SISTERS FROM CARROLLTON, LLC, and LUIS RAMIREZ | § § § | |

## **MEMORANDUM OPINION**

Pending before the Court is Defendant Luis Ramirez's Motion to Dismiss (Dkt. #6). The Court, having considered the relevant pleadings, finds that Defendant's motion should be denied.

On December 23, 2015, Defendant filed a motion to dismiss (Dkt. #6). On January 11, 2016, Plaintiffs filed a response (Dkt. #10).

## **LEGAL STANDARD**

Defendant moves for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which authorizes certain defenses to be presented via pretrial motions. A Rule 12(b)(6) motion to dismiss argues that, irrespective of jurisdiction, the complaint fails to assert facts that give rise to legal liability of the defendant. The Federal Rules of Civil Procedure require that each claim in a complaint include "a short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The claims must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)

(quoting *Twombly*, 550 U.S. at 570).

Rule 12(b)(6) provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In deciding a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). "The Supreme Court recently expounded upon the *Twombly* standard, explaining that '[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Gonzalez*, 577 F.3d at 603 (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "It follows, that 'where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'shown' - 'that the pleader is entitled to relief.'" *Id*.

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court identifies conclusory allegations and proceeds to disregard them, for they are "not entitled to the assumption of truth." *Iqbal*, 129 S.Ct. at 1951. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id*. "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009). This evaluation will

"be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S.Ct. at 1950.

In determining whether to grant a motion to dismiss, a district court may generally not "go outside the complaint." *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003). When ruling on a motion to dismiss a *pro se* complaint, however, a district court is "required to look beyond the [plaintiff's] formal complaint and to consider as amendments to the complaint those materials subsequently filed." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); *Clark v. Huntleigh Corp.*, 119 F. App'x 666, 667 (5th Cir. 2005) (finding that because of plaintiff's *pro se* status, "precedent compels us to examine all of his complaint, including the attachments"); Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). Furthermore, a district court may consider documents attached to a motion to dismiss if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim. *Scanlan*, 343 F.3d at 536.

## ANALYSIS

After reviewing the current complaint, the motion to dismiss, and the response, the Court finds that Plaintiffs have stated plausible claims for purposes of defeating a Rule 12(b)(6) motion.

## CONCLUSION

It is therefore **ORDERED** that Defendant Luis Ramirez's Motion to Dismiss (Dkt. #6) is hereby **DENIED**.

**SIGNED this 24th day of January, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE