IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ROEL OVALLE-ARGUELLO, GERARDO ROMAN-CHAVEZ, ALONSO ZAMORA-CARMONA, and BRIGIDO LOPEZ-ALVARADO, | § § § § § | |
| | § | Civil Action No.: 4:15-CV-606 |
| **Plaintiffs,** | § | |
| V. | § § | |
| THREE SISTERS FROM CARROLLTON, LLC, and LUIS RAMIREZ | § § § § | |
| **Defendants.** | § | JURY TRIAL DEMANDED |

## DEFENDANTS' FIRST AMENDED MOTION TO ENFORCE SETTLEMENT AGREEMENT

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW Three Sisters from Carrollton, LLC and Luis Ramirez, Defendants in the above-entitled and numbered cause (hereinafter "Defendants"), and file this their First Amended Motion to Enforce Settlement Agreement, and in support thereof would show the Court as follows:

### I. SUMMARY OF ARGUMENT

1. On June 6, 2016, the Parties executed a "Mediator's Proposed Settlement" relating to the above-referenced cause. On June 7, 2016, the Parties were notified by the mediator, Robert Jenevein, that the Parties had an agreement.

2. As part of the mediator's proposed settlement, Defendants were to draft more formal settlement documents.

3. Defendants timely drafted and served a draft of more formal settlement documents on June 15, 2016.

4. Over the Court of the two months that followed, Plaintiffs refused to incorporate

reasonable additional language, dragged their feet in response, and attempted to negotiate a higher settlement amount that had already been agreed to.

5. It has become clear that Plaintiffs have no intention of complying with the terms of the Mediator's Proposed Settlement unless and until the Defendants agree to pay more money to Plaintiffs for something Plaintiffs already agreed to; therefore, Defendants request the Court enforce the settlement and enter and order requiring Plaintiff's to comply with the terms of the settlement.

## II. BACKGROUND

6. On September 4, 2015, Plaintiffs filed their Original Complaint, alleging that Defendants did not pay them minimum wage and overtime pay.

7. On November 20, 2015, Plaintiffs filed their First Amended Complaint, containing the same allegations yet adding an additional Plaintiff.

8. Defendants timely filed answers denying Plaintiffs' claims.

9. On May 24, 2016, the Parties attended mediation with Robert Jenevein.

10. On June 7, 2016, the mediator informed the parties that the case had settled pending more formal settlement documents, to be drafted by Defendants.

11. On June 15, 2016, Defendants served the first draft of the "more formal settlement documents" called for by the Mediator's Proposed Settlement.

12. On June 24, 2016, Plaintiff served a response to Defendants' draft, refusing to agree to most of the more formal terms called for by the Mediator's Proposed Settlement, including, but not limited to, basic release language.

13. On July 5, 2016, Defendants served a counter-proposal.

14. On July 7, 2016, the Parties held a conference call regarding the language in the

proposals.

15. From July 7, 2016 to July 21, 2016 Defendants attempted to negotiate a simple joint notice of settlement. Once again, Plaintiffs were obstinate in attempting to delay the process and violate the terms of the Mediator's Proposed Settlement.

16. On July 21, 2016, Defendants submitted yet another proposal for the formal settlement documents.

17. On July 28, 2016, Plaintiffs once again indicated their refusal to the reasonable language called for by the Mediator's Proposed Settlement, and, instead of attempting to negotiate in good faith, attempted to serve a letter on Defendants demanding Defendants comply with the settlement terms in the Mediator's Proposed Settlement.

18. On August 2, 2016, Defendants responded, asking for Plaintiffs to clarify their threats from the July 28, 2016 letter and provide adequate assurances that Plaintiffs were not going to breach the terms of the Mediator's Proposal. In Defendants' response letter, Defendants also suggested mediation as a way to attempt to affect a reasonable resolution.

19. On August 12, 2016, the Parties held yet another conference call wherein Plaintiffs finally admitted their motivation for delaying and refusing to negotiate in good faith; Plaintiffs want more than agreed to in the Mediator's Proposed Settlement, and refused to mediate the dispute.

20. On August 17, 2016, Plaintiffs served a draft of a "Joint Status Report" on Defendants. Before giving Defendants the opportunity to review, Plaintiffs filed "Plaintiff's Status Report and Request for Hearing" alleging that it is Defendants who have delayed and are refusing to agree to reasonable settlement language.

### III. ARGUMENTS AND AUTHORITIES

21. Federal District Courts have inherent power to enforce settlements reached in pending federal civil actions. *See, e.g., Lee v. Hunt*, 631 F.2d 1171, 1173 (5th Cir. 1980) ("inherent power to enforce"); *Kukla v. Nat'l Distillers Prods. Co.*, 483 F.2d 619, 621 (6th Cir. 1973) ("inherent power").

22. The Parties executed the Mediator's Proposed Settlement on June 6, 2016. The mediator's proposal states that it is a binding Texas Rule of Civil Procedure 11 Agreement between the Parties settling all claims and controversies between the Parties.

23. The Mediator's Proposed Settlement states that in support of the Mediator's Proposed Settlement, "Defendants' counsel will prepare more formal settlement and release documents consistent with this agreement, unless counsel agree that no further documentation is necessary."

24. As outlined above, Defendants have prepared, on numerous occasions, drafts of such "more formal settlement and release documents consistent with this agreement" to effect settlement between the Parties.

25. Plaintiffs have refused to comply with the Mediator's Proposed Settlement by failing to execute final settlement documents in accordance with the Mediator's Proposed Settlement.

26. Because the Parties have a contract and Plaintiffs refuse to agree to more formal settlement and release documents, Defendants respectfully request the Court enforce the agreement the Parties made and order Plaintiffs to specifically perform.

### IV. THE PRAYER

WHEREFORE, premises considered, Defendants prays that the Court grant this Motion to Enforce Settlement Agreement in its entirety, enter an Order compelling specific performance by Plaintiffs, together with such other and further relief to which Defendants may be justly entitled.

Respectfully submitted,

**TAILIM SONG LAW FIRM**

*/s/ Tailim Song*
_____
TAILIM SONG
State Bar No.: 00792845
tsong@tailimsong.com
JORDAN WHIDDON
State Bar No.: 24093350
jwhiddon@tailimsong.com
13140 Coit Road, Suite 350
Dallas, Texas 75240
(214) 528-8400 Telephone
(214) 528-8402 Facsimile

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF CONFERENCE

Counsel for movant and counsel for respondent have personally conducted a conference at which there was a substantive discussion of every item presented to the Court in this motion and despite best efforts the counsel have not been able to resolve those matters presented. Counsel has complied with the meet and confer requirement in Local Rule CV-7(h). The Motion is OPPOSED. Counsel for Plaintiffs and Defendants held multiple telephone conferences attempting to work out the matters herein and were unable to resolve the issues. Discussions have conclusively ended in an impasse, leaving the issues open for the Court to resolve

Certified the 7th day of September 2016 by:

*/s/ Tailim Song*
_____
Tailim Song

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was forwarded to all counsel of record on this 7th day of September, 2016.

*/s/ Tailim Song*
_____
Tailim Song